UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. 12-cv-02148-JST

YEVGENIY DAVIDOVICH,

Plaintiff,

v.

COUNTY OF SAN MATEO, et al.,

Defendants.

**ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH SUBPOENA ISSUED TO THE NATIONAL PERSONNEL RECORDS CENTER**

Date: April 4, 2013

Hon. Jon S. Tigar

Courtroom 9, 19th Floor

Before the Court is the County of San Mateo's Application for an Order to Show Cause why a contempt citation should not issue, Dkt. No. 67, directed at the National Personnel Records Center for failure to comply with a document subpoena signed by Judge Alsup on January 2, 2013, Dkt. No. 58. Plaintiff Yevgeniy Davidovich joins in this request. Dkt. No. 68.

The County seeks Plaintiff's military records. Both parties agree the records are essential to the calculation of damages in this action. Defendant also argues that Plaintiff's military records are relevant to its potential defense that Plaintiff suffered the injuries of which he complains during his military service. Based on the record, the Court agrees that Plaintiff's military records are highly relevant.

After Plaintiff failed to obtain his military records informally, Defendant sought Plaintiff's records via subpoena signed by an attorney. The custodian of Plaintiff's records, the National Personnel Records Center, informed Defendant that only a court-signed subpoena would suffice. Dkt. No. 67-1 ¶ 7. Defendant then filed a declaration before Judge Alsup seeking such a

subpoena, and Judge Alsup signed one on January 2, 2013. Dkt. No. 58. Defendant served the subpoena pursuant to the Records Center's instructions on January 3, 2013. Dkt. No. 67-1 ¶ 9. The subpoena ordered the Records Center to produce Plaintiff's military records on January 22, 2013. To date, the Records Center has failed to produce the subpoenaed records. Dkt. No. 67-1 ¶ 10. The Records Center has also failed to object to, or move to quash, the subpoena.

Federal Rule of Civil Procedure 45(e) provides: "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Ninth Circuit courts treat United States agencies as "persons" within the meaning of Rule 45, regardless of whether they are party to the action. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 780 (9th Cir. 1994). District courts must balance such requests according to the factors in Rule 26(b)(2)(c). The Court may limit the extent or frequency of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Here, Defendant seeks records that are highly relevant to the litigation and that cannot be obtained by other means. The Records Center routinely fields such requests, even though here it has failed to comply, despite a subpoena signed by this Court commanding it to do so — which subpoena was obtained at the Center's own request.

Failure to comply with the Court's subpoena is a contempt of court. The County's Application for an Order to Show Cause why a contempt citation should not issue against the National Personnel Records Center is hereby granted.

Defendant is ordered to serve this Order to Show Cause upon the National Personnel

Records Center and all parties to this action promptly and to file proof of service thereof.

The National Personnel Records Center shall have until Tuesday, April 9, 2013, to respond to this Order in a filing no longer than ten pages, and is hereby ordered to appear for a hearing on this Order to Show Cause on April 30, 2013, at 9:00 a.m., Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102.

If the National Personnel Records Center, by its authorized representative, files and serves a declaration on all parties not later than April 23, 2013, stating under penalty of perjury that all records in its custody, control, or possession have been produced *and received* on or before April 18, 2013, then the Order to Show Cause will be vacated.

**IT IS SO ORDERED**.

Dated: March 27, 2013

_____
JON S. TIGAR
United States District Judge

3