# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| YEVGENIY DAVIDOVICH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN MATEO, and others,<br><br>　　　　Defendants. | Case No. 12-cv-02148 JST (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL RULE 35 EXAMS**<br><br>Re: Dkt. No. 69 |

Defendants move to compel plaintiff to submit to a mental examination and a physical examination under Federal Rule of Civil Procedure 35. This dispute, and the alleged necessity for the exams, arises out of plaintiff's allegations that defendants used excessive force to restrain him while in police custody, causing lasting injuries to his legs. Judge Tigar referred defendants' motion to this court. Dkt. No. 72. The Court held a hearing on the motion on May 15, 2013. Based on the parties' submissions and the arguments of counsel at the hearing, the Court orders as follows:

1. The Court finds that plaintiff has not placed his mental condition in controversy, and that good cause does not exist for permitting a mental examination of plaintiff. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117-21 (1964). Therefore, the Court DENIES defendants' motion to compel a mental examination.

2. The Court finds that plaintiff has placed his physical condition in controversy, and that good cause exists for permitting a physical examination of plaintiff, limited in time and scope as specified below. *Id.*

3. Plaintiff must submit to a physical examination by one of either Dr. Michael Dillingham or Dr. Robert Gamburd.  The examination must take place on a mutually agreed day within 30 days of the date of this order at the office of Drs. Dillingham and Gamburd in Redwood City and must not exceed four hours (not including any appropriate breaks).

4. The examination must consist of those procedures and tests generally accepted by the medical community as reasonably necessary to evaluate the nature, extent, and cause(s) of plaintiff's injuries.  Defense counsel must contact the examining physician and provide notice to plaintiff's counsel of whether the doctor will require any intrusive procedures, such as a blood draw.  If so, the parties must meet and confer to resolve their disagreement over the necessity of such procedures.

5. Defense counsel must arrange for the examination to be audiotaped and for a copy of the audiotape to be provided to plaintiff's counsel within 14 days of the examination.  The examination must not be videotaped.

6. No counsel may be present during the examination.

7. Defense counsel must provide plaintiff's counsel with a copy of the examination results within 14 days of the examination.

8. The examination, results, and audiotape of the examination may only be used in connection with this lawsuit.  The audiotape and results of plaintiff's examination may not be distributed to anyone except Drs. Dillingham and Gamburd and their staff, counsel in this case, the Court, plaintiff, and any expert witness retained by the parties, without leave of Court.

9. This order does not address the admissibility of information disclosed during the examination.

Any party may object to this order within fourteen days.  *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: May 15, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-02148 JST (NC)
ORDER GRANTING IN PART AND
DENYING IN PART MOTION

2